376 F.3d 960
 ALOE VERA OF AMERICA, INC., a Texas corporation; Rex G. Maughan; Ruth G. Maughan; Maughan Holdings, an Arizona corporation, Plaintiffs-Appellants,
Bureau of National Affairs, Inc.; Tax Management, Inc., Intervenors-Appellees, and
Gene Yamagata; Yamagata Holdings, Inc., a Nevada corporation, Plaintiffs,
v.
UNITED STATES of America, Defendant.
 No. 03-15265.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 2004.
 Filed July 19, 2004.
 
 Robert E. Miles, Quarles & Brady Streich Lang LLP, Phoenix, AZ, for the plaintiffs-appellants.
 David J. Bodney and Peter S. Kozinets, Steptoe & Johnson LLP, Phoenix, AZ, for the intervenors-appellees.
 Appeal from the United States District Court for the District of Arizona; James A. Teilborg, District Judge, Presiding. D.C. No. CV-99-01794-JAT.
 Before: WALLACE, KOZINSKI and GRABER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1997, the Bureau of National Affairs ("BNA") published an article disclosing that the Internal Revenue Service ("IRS") and National Tax Administration of Japan ("NTA") had begun an audit of Aloe Vera of America and Forever Living Products Japan, two members of the Forever Living Products group of companies (collectively "Aloe Vera"). Aloe Vera wrote to BNA in protest and demanded BNA identify its sources. Eventually, BNA and Aloe Vera entered into a Confidential Release and Covenant Not to Sue (the "Settlement Agreement"). Although BNA would not identify its sources for the article, it did agree to provide Aloe Vera with certain other confidential information. In turn, Aloe Vera agreed to release BNA from liability for the article and to keep confidential the Settlement Agreement and BNA disclosures. Aloe Vera was permitted to disclose the confidential information only to a handful of authorized recipients named in the agreement, including "United States authorities," or as required by court order.
 
 
 2
 In 1998, Aloe Vera sued the United States, claiming that the IRS had disclosed its tax return information to NTA and seeking damages for disclosure to an insecure recipient and disclosure of false information. BNA intervened and filed a motion for a protective order prohibiting disclosure of the Settlement Agreement or the information BNA had disclosed to Aloe Vera.
 
 
 3
 On September 28, 2001, the district court ordered Aloe Vera to provide the government with the BNA disclosures, but only after the government had signed a confidentiality agreement prohibiting it from disclosing the documents to anyone who was not an attorney for one of the parties:
 
 
 4
 [Aloe Vera] must disclose to [the government] the documents currently filed under seal. However, such documents shall be disclosed to the [government] subject to a confidentiality agreement to be executed by the [government]. Pursuant to such confidentiality agreement, the [government] shall not be allowed to reveal such documents to anyone who is not an attorney for a party to this case. Additionally, if any other parties are added to this case following September 28, 2001, the [government] shall not disclose the documents to such new party without prior court [approval].
 
 
 5
 (Emphasis added). The court's order included the following timetable:
 
 
 6
 [BNA] shall prepare a[nd] file the proposed Protective Order in this case by October 12, 2001;
 
 
 7
 ... [I]f any party wishes to object to the proposed form of Protective Order, they shall do so by October 19, 2001;
 
 
 8
 ... [P]rior to the Court entering the Protective Order, [Aloe Vera] shall obtain a written agreement from [the government] that [it] will not disclose any of the information obtain[ed] from the sealed documents to any individual or entities who are not parties to this action;
 
 
 9
 ... [I]f [the government] refuses to sign a confidentiality agreement in this case, [Aloe Vera] shall not disclose the sealed documents to [the government] ...; ... [I]f [the government] is not willing to enter a confidentiality agreement, [Aloe Vera] shall advise the Court of this refusal by October 26, 2001;
 
 
 10
 ... [I]f [the government] is willing to enter a confidentiality agreement, a copy of such agreement shall be filed with the Court, and provided to [BNA] by October 26, 2001;
 
 
 11
 ... [I]f [BNA] has any objection to the confidentiality agreement, [BNA] shall make such objection by November 2, 2001;
 
 
 12
 ... [O]nce the Court has entered the Protective Order, [Aloe Vera] may disclose the sealed information to the [government] subject to the written confidentiality agreement signed by the [government].
 
 
 13
 On October 12, 2001, in compliance with the court's order, BNA submitted a proposed protective order, which stated that BNA disclosures could be provided only to counsel for parties to the case. The government and Aloe Vera objected on October 19 on grounds that the order was too restrictive. Aloe Vera proposed an alternative protective order that would have allowed disclosure to a wide array of people, including current employees, officers, partners or directors, representatives and agents of the parties; former employees, officers, partners or directors of the parties who are potential witnesses; any other person designated by stipulation of the parties; and outside experts or consultants of third parties who need not be identified to BNA prior to disclosure. BNA took the position that Aloe Vera's and the government's objections were "fundamentally at odds" with the attorneys' eyes only restriction in the district court's order. Accordingly, BNA filed a response to Aloe Vera's and the government's objections and sought sanctions against Aloe Vera.
 
 
 14
 The district court also required that, by October 26, Aloe Vera either file and serve a confidentiality agreement consistent with the district court's order and signed by the government, or inform the court of the government's unwillingness to sign such an agreement. Aloe Vera consulted with the government about a proposed agreement, and the government objected to language restricting disclosure to counsel of the parties. Rather than informing the court of the government's objection, however, Aloe Vera simply omitted that language. On October 25, Aloe Vera's counsel instructed his secretary to fax the proposed confidentiality agreement to the government, BNA and the district court, but only the government received the fax. The proposed agreement permitted disclosure to "parties to the action" — not merely the lawyers, as the district court's order had directed. On November 1, the government signed the agreement and sent it to Aloe Vera.
 
 
 15
 On November2 — the court-ordered deadline for BNA to object to Aloe Vera's proposed agreement — Aloe Vera's counsel faxed the agreement, signed by the government, to BNA with a letter stating: "Having received no objection from you regarding the agreement, I assume it is acceptable to your client, and I intend to release the documents at issue to the Government, subject to the terms of the agreement, early next week." BNA was not pleased. It immediately filed a Notice of Plaintiff's Failure to Comply with the Court's Order of September 28, 2001, and an Objection to Confidentiality Agreement.
 
 
 16
 Following a status conference on November 26 and in its November 29 order, the district court confirmed that its September 28, 2001, order authorized Aloe Vera to disclose the confidential information to the government, not to anyone else:
 
 
 17
 [T]he Court has ordered [Aloe Vera] to disclose the documents to [the government] (after the confidentiality agreement and protective order have been entered). Beyond this very limited disclosure to [the government], the Court has not authorized [Aloe Vera] to produce or use the documents in question or otherwise depart from [its] contractual obligations in the settlement agreement with [BNA]....
 
 
 18
 ... [O]ther than one limited disclosure to [the government]... in this case, the Court has in no way altered [Aloe Vera's] obligations under the settlement agreement that [Aloe Vera] voluntarily entered into with [BNA]. Further, [Aloe Vera] shall not interpret this Court's orders as authorizing [it] to depart from their obligations under the settlement agreement with [BNA]. [BNA] may renew its request for attorneys fees on this issue at the hearing on [December] 11th.
 
 
 19
 BNA and the government finally agreed on a protective order that complied with the district court's September 28, 2001, order, and the district court filed the order on December 12. On December 17, 2001, the court ordered BNA and Aloe Vera to file briefs regarding BNA's request for sanctions. After considering over seventy pages of briefs and affidavits, the court found that Aloe Vera had violated the September 28, 2001, order. It rejected Aloe Vera's argument that it "did not know that the granting of a protective order in favor of [BNA] was not an opportunity for [it] to re-litigate whether [it] would be able to use the confidential documents for purposes of [its] case in depositions of both [its] own witnesses and [the government's] witnesses." The court also found that Aloe Vera had violated its order by failing to notify the court that the government was objecting to the "attorneys' eyes only" restriction in its proposed confidentiality agreement.
 
 
 20
 The court also held in its November 8, 2002, order that Aloe Vera had acted wrongfully when it informed BNA in its November 2 letter that it "intended to disclose the information without the Court required confidentiality agreement being in place; this threatened disclosure also would have violated the September 28, 2001, Order." In addition, the court noted that Aloe Vera's actions had forced BNA "to respond to the [protective] order proposed by [Aloe Vera] which went beyond the disclosure authorized by the Court." It also pointed out that BNA, "though having won on the protective order issue, was forced to respond to [Aloe Vera's] threat to disclose the confidential documents without any confidentiality agreement in place," and that "to protect its interest, [BNA] was forced to advise the Court that even though [the government] had objections to the proposed confidentiality agreement, this dispute was not brought to the Court's attention as required by the Court's order."
 
 
 21
 The district court concluded that, in violating its September 28 order, Aloe Vera had "acted in bad faith to attempt to re-litigate an issue already decided by the Court by putting language inconsistent with the Court's September 28, 2001, Order, in [its] proposed protective order." The court ordered Aloe Vera to pay BNA $21,246.50 — the amount of BNA's attorneys' fees incurred as a result of Aloe Vera's misconduct after the September 28 order. The court noted that the fees and costs requested "reflect[ed] only time spent responding to [Aloe Vera's] objections to the protective order and not time spent responding to [the government's] objections to the protective order."
 
 
 22
 Not having had enough, Aloe Vera appeals.
 
 
 23
 "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.... As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir.2001) (citations omitted). Sanctions are an appropriate response to "willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir.2001) (internal quotation marks and citations omitted). We defer "to the determination of courts on the front lines of litigation [that sanctions are warranted]" because deference "will enhance these courts' ability to control the litigants before them." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Accordingly, a district court's findings in a sanctions case are "given great deference." F.J. Hanshaw Enters., Inc., 244 F.3d at 1135; see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir.1990) ("A determination that an order was disobeyed is entitled to considerable weight because a district judge is the best equipped to assess the circumstances of the non-compliance." (internal quotation marks and citations omitted)).
 
 
 24
 The district court found that Aloe Vera willfully violated its September 28, 2001, order by repeatedly attempting to disclose BNA's confidential information to a broader audience than the court had authorized. Aloe Vera proposed a protective order that would have allowed disclosure to non-parties; it joined the government in requesting disclosure to the public, federal and state agencies seeking the information for "any criminal or civil enforcement action," Japanese tax authorities and others; and it threatened to disclose the information to the government before a confidentiality agreement had been approved by the court. The record supports the district court's finding that Aloe Vera was attempting to re-litigate the issues settled by the court's September 28, 2001, order, which permitted disclosure only to attorneys of the parties. This "willful disobedience of a court order" is a proper ground for imposing sanctions. Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted).
 
 
 25
 Aloe Vera argues that its proposed protective order did not violate the district court's September 28, 2001, order because it contained sufficient safeguards to protect BNA's confidential information. Even if this were true, it would be beside the point. Aloe Vera was bound to follow the district court's directions, not some other course it considered to be just as good. Because Aloe Vera's proposed protective order would have permitted disclosure beyond that permitted by the district court, it was inconsistent with the court's clear instructions.
 
 
 26
 Nor is Aloe Vera's claim that it misunderstood the September 28, 2001, order plausible. As the district court found in its November 8, 2002, order:
 
 
 27
 [Aloe Vera] claim[s] that [it] did not know that the granting of a protective order in favor of BNA was not an opportunity for [it] to re-litigate whether [it] would be able to use the confidential documents for purposes of [its] case in depositions of both [its] own witnesses and [the government's] witnesses. The Court disagrees as to the level of confusion [Aloe Vera] claim[s] was caused by the September 28, 2001, Order. Clearly when a protective order is granted AGAINST a party, it should be obvious to that party that such grant is not an opportunity to disclose the documents in question to whomever [it] choose[s].
 
 
 28
 The district court's finding, which is entitled to substantial deference, is supported by the record. See Adriana Int'l Corp., 913 F.2d at 1411 (applying a deferential standard of review to the factual finding that a party violated a court's order); see also Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir.1976) ("[T]he district judge's determination that his order was not complied with is entitled to considerable weight on appeal since he is in the best position to assess the circumstances.").
 
 
 29
 The district court also found that Aloe Vera violated the September 28, 2001, order by failing to inform the court of the government's opposition to the proposed confidentiality agreement. Aloe Vera was required to notify the court and BNA that the government objected to the "attorneys' eyes only" restriction, but Aloe Vera failed to do so. Instead, it drafted a proposed agreement without that provision. The district court could properly find that this was yet another attempt to broaden the scope of disclosure, in violation of the September 28, 2001, order. Moreover, on November 2, Aloe Vera sent the signed confidentiality agreement to BNA with a letter notifying BNA that it would release the information the following week, even though the court had specifically ordered that such disclosure could not be made until "the court has entered the Protective Order." The district court properly found that this was another willful violation of its order, which "forced [BNA] to respond to [Aloe Vera's] threat to disclose the confidential documents without any confidentiality agreement in place." This finding, too, is supported by the record.
 
 
 30
 In light of Aloe Vera's willful and repeated disobedience of the September 28 order, the district court did not abuse its discretion in imposing sanctions in the amount of BNA's attorneys' fees and costs incurred as a direct result of these violations.
 
 
 31
 Because we find Aloe Vera's appeal to be vexatious, we hold that awarding BNA attorneys' fees for defending this frivolous appeal is warranted. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 416 (9th Cir.1985) (imposing sanctions sua sponte on appeal for abuse of the judicial process). An award of attorneys' fees under Rule 38 for filing a frivolous appeal, however, may be made only "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed. R.App. P. 38.
 
 
 32
 Accordingly, within 14 days after this opinion is filed, Aloe Vera shall show cause in writing why the court should not award attorneys' fees to BNA under Rule 38 because Aloe Vera's appeal is frivolous — "the results are obvious," and "the arguments of error are wholly without merit." George v. City of Morro Bay (In re George), 322 F.3d 586, 591 (9th Cir.2003) (per curiam) (internal quotation marks and citations omitted). BNA may file a reply within 14 days after service of Aloe Vera's response. We reserve the option to refer the case to the appellate commissioner for the commissioner to determine BNA's attorneys' fees and enter an order as the judgment of the court.
 
 
 33
 AFFIRMED.