T.C. Memo. 2005-251

UNITED STATES TAX COURT

BARBARA BOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14223-04.                    Filed October 31, 2005.

Barbara Bond, pro se.

<u>Robert W. Dillard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's income tax of $5,527 for 2002 and an accuracy-
related penalty under section 6662(a) of $1,105.

After a concession by respondent,[1] the issue for decision is whether petitioner may exclude from income under section 104(a)(2) $25,000 that she received in 2002 in settlement of a lawsuit. We hold that she may not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioner

Petitioner lived in Florida when she filed the petition. She was formerly employed in Indiana by Ivy Tech College (Ivy Tech).

B. Petitioner's Claims Against Ivy Tech

In 2001, petitioner filed employment discrimination charges with the Equal Employment Opportunity Commission (EEOC) against Ivy Tech and sued Ivy Tech in the U.S. District Court for the Northern District of Indiana. Petitioner alleged in her lawsuit that she had been damaged by unlawful acts or practices by Ivy Tech arising from her employment with Ivy Tech and sought damages and other relief.

C. Petitioner's Illness and Injuries

In 2002, petitioner's doctors diagnosed carpal tunnel syndrome and ordered her not to use her right hand. Petitioner

---

[1] Respondent conceded at trial that petitioner is not liable for the accuracy-related penalty under sec. 6662(a). Unless otherwise indicated, section references are to the Internal Revenue Code as amended and in effect during 2002. Rule references are to the Tax Court Rules of Practice and Procedure.

told the EEOC that Ivy Tech required her to do filing despite her doctors' orders. On a date not stated in the record, petitioner had surgery to correct her carpal tunnel syndrome. Shortly after petitioner returned to work, she tripped over some boxes at her workplace, fell, and injured her back. She received physical therapy for the injury. Petitioner made worker's compensation claims for her carpal tunnel and back injuries. Petitioner was hospitalized for 2 to 3 weeks for depression in March 2002.

D.    Settlement of Petitioner's Claims and Tax Treatment of It

Petitioner signed a document entitled Settlement Agreement and Release on March 21, 2002, which included the following:

> In consideration of the release and all of the promises and representations made by Bond in this Agreement, the College will allow Bond to resign, effective March 20, 2002 and pay to Bond the total sum of [$25,000]. The College will issue an IRS Form 1099 to Bond reflecting the payment set forth above in this paragraph 1.
>
> *    *    *    *    *    *    *
>
> The parties further agree that the College * * * will not authorize any of its representatives or legal agents to discuss this Agreement or the circumstances surrounding its making with anyone outside the College, unless required to do so by law, nor will The College authorize any of its representatives or legal agents to make any disparaging remarks or comments to any other person and/or entity about Bond.

In the settlement agreement, petitioner released Ivy Tech from all claims except her pending claims under the Indiana worker's compensation law, for claims due to injuries which occurred before the date of the agreement. The settlement

agreement stated that the parties entered into it solely to avoid the burden and expense of litigation.

Ivy Tech paid $25,000 to petitioner in 2002 pursuant to the settlement agreement. Petitioner paid $8,332 of that amount as attorney's fees she had incurred in obtaining the recovery. Respondent received a Form 1099-MISC, Miscellaneous Income, from Ivy Tech showing that it had paid $25,000 to petitioner in 2002. Petitioner received a Form W-2, Wage and Tax Statement, for 2002, but did not receive a Form 1099. She did not report the $25,000 payment as income on her 2002 Federal income tax return.

OPINION

A.  Contentions of the Parties and Background

Petitioner contends that $25,000 that she received from Ivy Tech in 2002 in settlement of a lawsuit is excluded from income because (1) section 104(a)(2) so provides, and (2) Ivy Tech breached the settlement agreement.[2]

Gross income generally does not include damages received (whether by suit or agreement) on account of personal physical injuries or physical sickness. Sec. 104(a)(2). For petitioner to exclude the $25,000 payment under section 104(a)(2), she must show that the damages were received on account of personal

---

[2] Respondent's determination is presumed correct and petitioner bears the burden of proof on all issues in this case. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that respondent bears the burden of proof under sec. 7491(a).

physical injuries or physical sickness.  Id.  To decide the purpose or purposes for which a payment was made, courts have considered, inter alia, the following:  (1) The underlying complaint and the nature of the claims; (2) the settlement negotiations and settlement agreement; and (3) the intent of the payor.  See United States v. Burke, 504 U.S. 229, 237-239 (1992); Thompson v. Commissioner, 866 F.2d 709, 711 (4th Cir. 1989), affg. 89 T.C. 632 (1987); Knuckles v. Commissioner, 349 F.2d 610, 612-613 (10th Cir. 1965), affg. T.C. Memo. 1964-33; Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), affg. per curiam T.C. Memo. 1960-21; Bagley v. Commissioner, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997).

B.  Whether the $25,000 Is Excluded From Income Under Section 104(a)(2)

1.  Petitioner's Carpal Tunnel and Back Injuries

Petitioner's carpal tunnel syndrome was diagnosed in 2002, and she suffered back injuries in 2002 while working for Ivy Tech.  Petitioner made worker's compensation claims for those injuries.  The settlement agreement specifically excludes all claims that petitioner had pending under the Indiana Worker's Compensation Act for injuries which occurred before the date of the agreement.  Thus, we conclude that the $25,000 settlement payment was not intended to compensate petitioner for her carpal tunnel and back injuries.

    2.    Petitioner's Emotional Distress

    Petitioner was hospitalized for depression and emotional distress in March 2002, which she testified were caused by Ivy Tech's conduct.  Petitioner contends that an unspecified amount of the $25,000 payment was intended to compensate her for depression and emotional distress and is excludable under section 104(a)(2).  We disagree.

    Damages attributable to emotional distress are excludable from income under section 104(a)(2) up to the amount paid for medical care described in section 213(d)(1)(A) and (B).  Sec. 104(a) (flush language).[3]  The record does not contain any information relating to the amount of petitioner's hospitalization expenses for depression or any related medical expenses, and so we have no basis on which to allocate any part of the $25,000 to those costs.

---

    [3]  Sec. 104(a)(2) was amended in 1996 by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1605(a), 110 Stat. 1838, effective generally for amounts received after Aug. 20, 1996.  In relevant part, the amendment added the modifier "physical" after "personal" and before "injuries" and the modifier "physical" was added before "sickness".  The amendment also provides that emotional distress shall not be treated as a physical injury or physical sickness except to the extent of damages not in excess of the amount paid for medical care described in sec. 213(d)(1)(A) and (B) attributable to emotional distress.  Sec. 104(a) (flush language).  The legislative history accompanying enactment of the SBJPA states that "the term emotional distress includes symptoms (e.g., insomnia, headaches, stomach disorders) which may result from such emotional distress."  H. Conf. Rept. 104-737, at 301 n.56 (1996), 1996-3 C.B. 741, 1041.

3.   Conduct of Ivy Tech

Petitioner contends that she was not required to include the $25,000 payment in income because Ivy Tech violated the settlement agreement by (1) disclosing its terms to others or by making disparaging remarks about her and (2) failing to send a Form 1099 to her.  We disagree.  Ivy Tech's conduct after paying the $25,000 settlement to petitioner is not relevant to whether she must include the $25,000 in income, and her nonreceipt of a Form 1099 required by the settlement agreement to be sent to her does not convert a taxable item to a nontaxable item.  See Vaughn v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

4.   Conclusion

We conclude that the $25,000 that petitioner received from Ivy Tech in 2002 was not paid on account of personal physical injuries or physical sickness and is thus not excluded from income under section 104(a)(2).[4]

To reflect the foregoing,

Decision will be

entered under Rule 155.

---

[4]  In the Rule 155 computation, the parties should consider whether petitioner is entitled to an itemized deduction for the $8,332 in attorney's fees that she incurred in connection with the settlement.  See Commissioner v. Banks, 543 U.S. __, __, 125 S. Ct. 826, 830 (2005).