T.C. Summary Opinion 2006-61

UNITED STATES TAX COURT

MILTON D. AND LINDA M. PEEBLES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22386-04S.          Filed April 19, 2006.

Milton D. and Linda M. Peebles, pro se.

<u>Caroline R. Krivacka</u>, for respondent.

COLVIN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

---

[1]  All subsequent section references are to the Internal
Revenue Code in effect for the year in issue.

The sole issue for decision is whether $25,000 paid to petitioners in 1999 is a gift or is includable in their gross income. We hold that it is includable in income.

## Background

Some of the facts have been stipulated and are so found.

Petitioners are married and lived in DeWitt, Arkansas, when they filed the petition. DeWitt, Arkansas, has a population of about 3,500.

In 1999, Milton D. Peebles (petitioner) was a police officer in DeWitt. Mrs. Peebles was a patient of Dr. John M. Hestir (Dr. Hestir), who had a medical practice in DeWitt. Petitioner discovered in October 1999 that Dr. Hestir and Mrs. Peebles were having an affair. Petitioner documented that fact by surreptitiously recording their phone calls. Petitioner confronted Mrs. Peebles with the evidence.

Petitioner then lured Dr. Hestir to petitioners' home on the pretext that Mrs. Peebles needed medical care. Petitioner is about 20 years younger than Dr. Hestir and is capable of being loud and garrulous when angry. One of petitioners' adult daughters was home at that time and acted appropriately to keep things under control by calling the county sheriff to their home. Petitioner was angry when Dr. Hestir arrived. At that time, petitioner confronted him with the evidence of the affair and threatened to sue him for $150,000. Dr. Hestir told petitioner

that he did not have $150,000. Two days after the confrontation, petitioner made Mrs. Peebles call Dr. Hestir's wife to tell her about the affair. Petitioner then called Dr. Hestir to tell him that Dr. Hestir's wife knew about the affair. Dr. Hestir told petitioner that he did not have $150,000, but he did have $25,000. They agreed to meet 2 days later so that Dr. Hestir could pay that amount to petitioner.

Petitioner and Dr. Hestir met in the parking lot of DeWitt Bank & Trust, and Dr. Hestir gave petitioner $25,000 in cash. During the exchange, petitioner and Dr. Hestir had a conversation which petitioner taped. Dr. Hestir said he was sorry about the affair and stated that this was "free money", but that petitioner should be careful how he spent it because it could be considered income. Petitioner then said that if he and Mrs. Peebles were to divorce, he would not file on grounds of adultery or name Dr. Hestir in the proceedings. After further conversation, Dr. Hestir apologized again and said that he regretted the affair and hoped the money would help petitioner. Petitioner then stated: "Now Doc, this isn't blackmail money", to which Dr. Hestir replied: "No, I didn't say it was blackmail money; I said I hope it helps you, both of you." At the end of the meeting, petitioner warned Dr. Hestir that he should never again speak to or look at Mrs. Peebles or come to their home.

Petitioner and one of petitioners' daughters contacted the Arkansas State Medical Board (medical board) in November 1999 to report the affair between Dr. Hestir and Mrs. Peebles.  In an undated letter, Dr. Hestir self-reported his misconduct to the medical board and expressed deep regret for his actions.

The medical board held a hearing on February 3, 2000. Petitioners testified at the hearing.  When questioned why Dr. Hestir gave him $25,000, petitioner said:  "I think it was to try to clear his conscience."

On February 8, 2000, Dr. Hestir's accountant prepared a Form 1099-MISC, Miscellaneous Income, reporting that he had paid $25,000 to petitioner.  Petitioners did not report the $25,000 on their timely filed Federal income tax return for 1999.

## Discussion

### A.  The Parties' Contentions and Legal Background

Petitioners contend that Dr. Hestir intended the $25,000 payment to be a gift.[2]  We disagree.

Gross income includes all income from whatever source derived.  Sec. 61.  However, gross income does not include gifts. Sec. 102(a).  In Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960), the Supreme Court said:

---

[2]  We need not decide which party bears the burden of proof because we decide this case on the basis of the preponderance of evidence without regard to the burden of proof.

And, importantly, if the payment proceeds primarily from "the constraining force of any moral or legal duty," or from "the incentive of anticipated benefit" of an economic nature, <u>Bogardus v. Commissioner</u>, 302 U.S. 34, 41, it is not a gift.  * * *  A gift in the statutory sense * * * proceeds from a "detached and disinterested generosity," <u>Commissioner v. LoBue</u>, 351 U.S. 243, 246; "out of affection, respect, admiration, charity or like impulses."  <u>Robertson v. United States</u>, <u>supra</u> [343 U.S. 711, 714 (1952)] * * *.  And in this regard, the most critical consideration, as the Court was agreed in the leading case here, is the transferor's "intention."  <u>Bogardus v. Commissioner</u>, 302 U.S. 34, 43. * * *

B.  <u>Whether the $25,000 Payment Was a Gift</u>

Petitioners contend that the $25,000 payment was a gift because it was Dr. Hestir's idea to pay it, and petitioner did not force him to pay it.  Petitioner testified that he did not raise the issue of payment after the night he confronted Dr. Hestir.  Petitioner threatened Dr. Hestir with a lawsuit in which he would claim $150,000 in damages.  Petitioner stated that he called Dr. Hestir 2 days after the confrontation to tell him that Dr. Hestir's wife knew about the affair, and that Dr. Hestir raised the issue of money.  Petitioners contend that, because Dr. Hestir raised the subject of the $25,000 payment, it was a gift. We disagree.

We believe that Dr. Hestir thought petitioner wanted a payment because of the affair.  We also believe that Dr. Hestir offered the payment not because of detached generosity, but rather as a way to close the matter and avoid being sued by petitioner.

Petitioners contend that the $25,000 payment was a gift because Dr. Hestir said during the medical board hearing that it was a gift. We disagree. At that hearing, Dr. Hestir testified: (1) Petitioner took the money; and (2) petitioner said it was a gift and not blackmail, to which Dr. Hestir responded by saying: "Yes". We take this testimony only to mean that petitioner wanted it to be a gift.

Petitioners contend that Dr. Hestir paid the $25,000 out of a feeling of guilt or moral obligation. Petitioners point out that a newspaper article states that Dr. Hestir said he paid petitioner, ended the affair, and reported himself to the medical board because of his guilty conscience. A payment made because of the constraining force of moral or legal duty is not a gift. Id.

Dr. Hestir's accountant filed the Form 1099-MISC a few days after the medical board hearing. Petitioners contend that Dr. Hestir did that to punish petitioner for reporting the matter to the medical board and to incorrectly make it appear that the $25,000 payment was not a gift. We disagree; the payment was not actually a gift.

Petitioners contend that the $25,000 is not income because they did not receive the Form 1099-MISC. We disagree. Nonreceipt of a Form 1099 does not make a taxable item nontaxable. See Bond v. Commissioner, T.C. Memo. 2005-251;

<u>Vaughn v. Commissioner</u>, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

There was trial testimony regarding the degree of physical intimidation (if any) petitioner brought to bear against Dr. Hestir when petitioner discovered the affair and received the payment of $25,000.  We need not resolve those factual disputes to conclude that the payment was not a gift.

C.   <u>Conclusion</u>

We conclude that the $25,000 payment by Dr. Hestir was not the result of detached and disinterested generosity or paid out of affection, respect, admiration, or charity.  Instead it was paid to avoid a lawsuit, to avoid public and professional embarrassment, and to assuage his own feelings of guilt or moral obligation.  Therefore, the $25,000 payment in 1999 is not a gift and is includable in petitioners' gross income for that year.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.