**Letantia BUSSELL, Petitioner–Appellant,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.**

No. 05–77243.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Letantia Bussell, Los Angeles, CA, pro se.

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Andrea R. Tebbets, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Letantia Bussell appeals pro se from the tax court's decision, after a bench trial, upholding a deficiency and fraud penalty determination for the tax year 1996. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We affirm.

The tax court did not clearly err by finding that Bussell received a taxable dividend in 1996 because the finding was sup-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ported by ample evidence in the record. *See P.R. Farms, Inc. v. Comm'r,* 820 F.2d 1084, 1086–87 (9th Cir.1987) (reviewing findings for clear error and affirming finding of a dividend where record supported determination).

Bussell contends the tax court's judgment should be reversed because the court received testimony of a witness without reviewing the witness's plea agreement in a related case. This contention fails because Bussell has not demonstrated prejudice. *See Ackley v. Western Conference of Teamsters,* 958 F.2d 1463, 1470 (9th Cir. 1992) (stating this court will not reverse evidentiary rulings absent a showing of prejudice). Moreover, to the extent Bussell contends the tax court erred by denying her motion for sanctions based on the Commissioner's failure to produce the plea agreement at trial, the contention fails because the record shows that the Commissioner made a good faith effort to produce the agreement. *See Adriana Intl. Corp. v. Thoeren,* 913 F.2d 1406, 1409 (9th Cir. 1990) (reviewing decision on a motion for sanctions de novo in the absence of factual findings); *see also Aloe Vera of America, Inc. v. United States,* 376 F.3d 960, 965 (9th Cir.2004) ("Sanctions are an appropriate response to 'willful disobedience of a court order.' ").

Even if Bussell preserved the issue, the tax court did not abuse its discretion by receiving testimony regarding out-of-court statements made by Bussell's deceased husband because the statements were admissible under Fed.R.Evid. 804(a)(4). *See Karme v. Comm'r,* 673 F.2d 1062, 1065 (9th Cir.1982) (reviewing tax court's evidentiary rulings for abuse of discretion).

The tax court did not abuse its discretion by declining to apply the doctrine of judicial estoppel because Bussell did not show that the court in her criminal trial relied upon an inconsistent position. *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782–83 (9th Cir.2001) (reviewing application of judicial estoppel doctrine for an abuse of discretion and limiting doctrine to "cases where the court relied on, or 'accepted,' the party's previous inconsistent position").

We decline to consider Bussell's argument concerning collateral estoppel because Bussell raises the issue for the first time in her reply brief. *See Martinez–Serrano v. I.N.S.,* 94 F.3d 1256, 1259 (9th Cir.1996) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.").

**AFFIRMED.**