ODS TECHNOLOGIES, L.P., etc., et al.

v.

MAGNA ENTERTAINMENT CORPORATION, etc., et al.;
and related counterclaims.

Case No. CV 07–3265–DDP (RCx).

United States District Court,
C.D. California.

Oct. 1, 2008.

Richard L. Stone, David H. Ben–Meir and Amy M. Gallegos, attorneys–at–law with Hogan & Hartson, Los Angeles, CA, for Plaintiffs.

Darryl M. Woo, Ilana S. Rubel, Carolyn C. Chang, Mashhood Rassam and Lauren E. Whittemore, attorneys–at–law with Fenwick and West, San Francisco, CA, for Defendants.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR ENFORCEMENT OF PROTECTIVE ORDER**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On September 16, 2008, defendants filed a notice of motion and motion for enforce-ment of protective order, a joint stipulation and the supporting declaration of Carolyn Chang, with exhibits, and plaintiffs filed the opposing declarations of Melanie Frank and Amy M. Gallegos, with exhibits. On September 24, 2008, the parties filed their supplemental memoranda. This matter is decided without oral argument in Chambers, pursuant to Local Rule 7–15.

## BACKGROUND

On April 21, 2008, pursuant to the parties' stipulation, the Court issued a Protective Order regarding confidential information, which includes the following provision:

> Access to and disclosure of all documents, testimony, information, and things received by counsel for Receiving Party pursuant to discovery, which are designated CONFIDENTIAL shall be limited to: [¶] 3.1.[¶] up to two (2) pre-designated in-house litigation counsel, as long as each remains employed as in-house litigation counsel for that Party.... For purposes of this order, "litigation counsel" shall be limited to licensed in-house counsel who are not involved in any of the Parties' patent prosecution or "competitive decision-making," as that term is defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed.Cir.1984) and *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir.1992). Under the terms of this Protective Order, settlement discussions between the Parties shall not constitute "competitive decision-making[.]"

Declaration of Carolyn Chang ("Chang Decl.") ¶ 2, Exh. A at 5:3–18.

On July 24, 2008, plaintiff ODS "designate[d] Melanie Frank as their in-house attorney who would receive confidential information, pursuant to the Protective Order...." *See* Declaration of Amy M. Galle-

gos ("Gallegos Decl.") ¶ 2, Exh. A. "On July 25, 2008, Ms. Frank attended the deposition of Elaine Matthews, the consultant who designed defendants' interactive wagering system, which Plaintiffs contend infringe certain of Plaintiffs' patents." *Id.* ¶ 3. "A few days later, Ms. Frank attended the deposition of Scott Daruty, [defendant] Magna's [Rule] 30(b)(6) witness." *Id.* ¶ 4. "On August 6, 2008, Ms. Frank attended the deposition of Ron Luniewski, [defendant] Xpressbet's [Rule] 30(b)(6) witness." *Id.* ¶ 6. Defendants did not object to Ms. Frank's presence at any of the three depositions she attended. *Id.* ¶¶ 3, 5–6.

On July 28, 2008, defendants requested plaintiffs "provide Ms. Frank's specific title(s) and a detailed description of her job duties[, and i]n addition, ... certify ... that Ms. Frank's duties do not include patent prosecution or 'competitive decision-making' as defined by section 3.1 of the Protective Order." Chang Decl. ¶ 3, Exh. B. On July 30, 2008, plaintiffs provided defendants with Ms. Frank's job duties, stating, in part, that "Ms. Frank is TVG's Associate General Counsel/Director Legal Affairs. She reports to TVG's General Counsel." *Id.* ¶ 4, Exh. C. Ms. Frank has filed a declaration describing her job duties as follows:

> I provide support to marketing, broadcast operations and production departments on legal issues that impact television network operations and advise business units on trademark, sweepstakes, promotions, federal legislation and regulatory compliance matters. I also manage the Company's trademark portfolio, assist in supervising outside counsel in the handling of claims and

litigation and review agreements relating to employment, consulting, service, music licensing, production services, purchasing, footage and permit use contracts.... I have not advised or participated in any business negotiations between TVG and Magna, XpressBet or HRTV.

Declaration of Melanie Frank ¶ 2. Ms. Frank also avers that she is "not involved in competitive decision making." *Id.* She further swears that she is "not involved in patent prosecution" and does "not advise or participate in business decisions involving pricing, product design, marketing, or overall corporate strategy, although [her] role as an in-house lawyer may require [her] to carry out decisions made by senior management and, on occasion, communicate those decisions to other parties." *Id.*

## DISCUSSION

 Defendants may properly request that the Court enforce section 3.1 of the Protective Order since "[a]ll federal courts are vested with inherent powers enabling them ... to ensure obedience to their orders." [1] *United States v. W.R. Grace,* 526 F.3d 499, 509 (9th Cir.2008) (en banc) (citations and internal quotation marks omitted); *Aloe Vera of America, Inc. v. United States,* 376 F.3d 960, 964–65 (9th Cir.2004) (per curiam). Such orders include protective orders, as one district court has aptly noted:

> [I]n cases involving the disclosure of trade secrets, courts often issue protective orders limiting access to the most sensitive information to counsel and their experts. Those orders represent judicial efforts to strike a proper balance

---

1. "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)); *Pacific Gas & Elec. Co. v. United States,* 82 Fed.Cl. 474, 480 (Fed.Cl.2008).

between "the philosophy of full disclosure of relevant information and the need for reasonable protection against harmful side effects," such as the risk that disclosure will result in competitive harm.

*Tailored Lighting, Inc. v. Osram Sylvania Prod., Inc.,* 236 F.R.D. 146, 148 (W.D.N.Y. 2006) (citations omitted).

■ In granting a protective order that excludes counsel or others from access to confidential information, the sole question is whether there is an unacceptable risk of or opportunity for the inadvertent disclosure of confidential information. *Matsushita Elec. Indus. Co. Ltd. v. United States,* 929 F.2d 1577, 1579 (Fed.Cir.1991); *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.,* 237 F.R.D. 405, 407 (N.D.Ill.2006). Such risk exists when counsel are involved in "competitive decisionmaking," which is "shorthand for counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1468 n. 3 (Fed.Cir.1984); *Intel Corp. v. VIA Tech., Inc.,* 198 F.R.D. 525, 529 (N.D.Cal.2000). "Thus, the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure [of confidential information]." *U.S. Steel Corp.,* 730 F.2d at 1468; *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir.), *cert. denied,* 506 U.S. 869, 113 S.Ct. 198, 121 L.Ed.2d 141 (1992); *see also Autotech Techs. Ltd. P'ship,* 237 F.R.D. at 408 ("In the end, proper analysis requires a careful and comprehensive inquiry into in-house counsel's actual (not nominal) role in the affairs of the company, h[er] association in relationship with those in the corporate hierarchy who are competitive decision makers, and any other factor that enhances the risk of inadvertent disclosure.").

■ Defendants contend plaintiffs have violated section 3.1 of the Protective Order by designating Ms. Frank as their in-house litigation counsel when Ms. Frank is involved in "competitive decision making" because her job responsibilities include providing support to and advising ODS's business units. Jt. Stip. at 6:18–22. Defendants request "the Court enforce the Protective Order with regard to Ms. Frank's past misconduct, as well as her ability to engage in future misconduct[,]" Jt. Stip. at 5:24–26, and seek an order:

bar[ring] Ms. Frank from advising or participating in any business, licensing, or other transactional matter involving defendants Magna, HRTV, LLC, and XpressBet, Inc., as well as any patenting and competitive decision-making for Plaintiffs. This sanction ... should be effective immediately and last until at least one year after this litigation has been terminated. [¶] ... [D]efendants [also] respectfully request that the Court enforce the Protective Order by compelling Plaintiffs to: (1) de-designate Ms. Frank as their Section 3.1 designee; and (2) certify that she will no longer have access to Confidential information of Defendants.

Jt. Stip. at 8:1–16. Defendants, of course, have the burden of proving the stipulated protective order should be enforced against Ms. Frank in the manner they request. *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1211 n. 1 (9th Cir. 2002); *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 475–76 (9th Cir.), *cert. denied,* 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992).

■ To establish Ms. Frank's involvement in "competitive decisionmaking," de-

fendants must show that Ms. Frank's relationship to ODS is such that she gives advice or participates in "any or all of [ODS's] decisions ... made in light of similar or corresponding information about a competitor." *Brown Bag Software*, 960 F.2d at 1470; *U.S. Steel Corp.*, 730 F.2d at 1468 n. 3. Defendants have not done this, however. Rather, they have "transformed into a litmus test ... the ... factor concerning " 'competitive decisionmaking[,]' " " *Volvo Penta of the Americas, Inc. v. Brunswick Corp.*, 187 F.R.D. 240, 245 (E.D.Va.1999), instead of providing the Court with information regarding ODS's operations or corporate structure, and Ms. Frank's operational role therein, which "are factors critical to determining the risk of inadvertent disclosure of confidential information by in-house counsel." *Autotech Techs. Ltd. P'ship*, 237 F.R.D. at 410; *Intel Corp.*, 198 F.R.D. at 530. Pointing only to Ms. Frank's job duties is not sufficient to show Ms. Frank is involved in "competitive decisionmaking." Thus, the Court is left with Ms. Frank's uncontroverted statements that she is "not involved in competitive decisionmaking ... [or] patent prosecution[,]" she "do[es] not advise or participate in business decisions involving pricing, product design, marketing, or overall corporate strategy," and she "ha[s] not advised or participated in any business negotiations between TVG and Magna, XpressBet or HRTV." Frank Decl. ¶ 2; *see also Volvo Penta of the Americas, Inc.*, 187 F.R.D. at 243–45 ("[T]he Court cannot overlook the unrebutted and sworn assertions that [in-house counsel] has no role whatsoever in [defendant's] competitive decisionmaking...."); *Glaxo Inc. v. Genpharm Pharm.*, 796 F.Supp. 872, 874 (E.D.N.C.1992) (In-house counsel is not involved in competitive decisionmaking given "two uncontroverted affidavits that he has no involvement in and gives no advice to [plaintiff] about competitive decisions such as pricing, scientific research, sales or marketing."). In short, defendants have not met their burden of showing plaintiff ODS improperly designated Ms. Frank as in-house litigation counsel under section 3.1 of the Protective Order, and their motion to enforce the Protective Order should be denied.

### ORDER

Defendants' motion for enforcement of the Protective Order **IS DENIED.**