T.C. Memo. 2010-5

UNITED STATES TAX COURT

MARION J. WELLS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4407-09.                    Filed January 5, 2010.

Marion J. Wells, pro se.

Miles B. Fuller, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This matter is before

the Court on respondent's motion for partial summary judgment

filed pursuant to Rule 121.[1]  The sole issue for decision is

_____

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure.  All amounts are
rounded to the nearest dollar.

whether a 2005 settlement payment to petitioner is excluded from income under section 104(a)(2)[2] as damages received on account of personal physical injuries or physical sickness.

Background

At the time the petition was filed, petitioner resided in Colorado.

Petitioner began her employment with the Colorado Department of Transportation (CDOT) in 1975. In 1995, after assignment to a new project at CDOT, petitioner had an altercation with her supervisor. In November 1995 petitioner filed a discrimination and retaliation complaint with the CDOT Center for Equal Employment Opportunity. It was after this complaint that petitioner began taking leave and seeing a therapist to deal with the stress caused by the altercation. From the date of the complaint until her termination 10½ months later, petitioner was on leave approximately 8 of the 10½ months. CDOT terminated petitioner's employment when her leave was exhausted in September 1996.

In January 1997 petitioner filed suit in District Court against CDOT, her supervisor, and her supervisor's superior alleging gender discrimination and retaliation under 42 U.S.C. sections 1983 and 1988 and title VII of the Civil Rights Act of

_____

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

1964, as amended, Pub. L. 88-352, tit. VII, 78 Stat. 253, codified at 42 U.S.C. secs. 2000e-2-2000e-17 (2006). Petitioner's complaint alleged, inter alia, employment discrimination based on gender and that the stress caused by the altercation and the subsequent perceived inaction by CDOT in response to the complaint she lodged caused her to take leave. Petitioner asserted that when her leave was exhausted, her employment was terminated and she "was given no opportunity to return to her position."

The District Court granted CDOT's motion for summary judgment, and petitioner appealed to the U.S. Court of Appeals for the Tenth Circuit. In April 2003 the Court of Appeals reversed on the retaliation claim and remanded the case for trial.[3]

In November 2004 the parties filed a joint motion to dismiss with prejudice and in February 2005 entered into a settlement agreement. The settlement agreement states that $175,000 was to be paid to petitioner "as damages for her emotional distress due to depression and other claims, not as wages or back pay," and

---

[3]Petitioner claims CDOT employees retaliated against her because of her previous lawsuit against CDOT. In 1980 petitioner filed a class action lawsuit against CDOT for employment discrimination based on gender under tit. VII of the Civil Rights Act of 1964. In 1986 the parties entered a court-approved settlement agreement. The case was closed in May 1995. Wells v. Colo. Dept. of Transp., 325 F.3d 1205, 1210 (10th Cir. 2003). The Court takes judicial notice of the opinion of the Court of Appeals. Fed. R. Evid. 201.

that it "shall constitute a full and final settlement of all claims [petitioner] asserted or might assert" against the defendants in the 1997 lawsuit.  The settlement agreement also states that a Form 1099-MISC, Miscellaneous Income, would be issued to petitioner and reported to the Internal Revenue Service (IRS).  Petitioner did not report the $175,000 as income on her 2005 income tax return.  Respondent treated the payment as includable in gross income for 2005 and on that basis determined a deficiency of $48,003 in her 2005 income tax and an accuracy-related penalty of $9,601.  It is the characterization of the $175,000 payment to petitioner that is before the Court.

### Discussion

A motion for summary judgment or partial summary judgment may be granted if the pleadings and other materials demonstrate that no genuine issue of material fact exists and a decision can be rendered as a matter of law.  Rule 121(b); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The moving party bears the burden of showing that no genuine issue of material fact exists, and the Court will view any factual material and inferences in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Naftel

v. Commissioner, 85 T.C. 527, 529 (1985).  If there exists any reasonable doubt as to the facts at issue, the motion must be denied.  Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

The Court is satisfied that no genuine issue of material fact exists.  Partial summary judgment is appropriate in this case.

Generally, gross income includes all income from whatever source derived.  See sec. 61(a); sec. 1.61-1(a), Income Tax Regs.  While section 61(a) broadly applies to any accession to wealth, statutory exclusions from gross income are to be narrowly construed.  See Commissioner v. Schleier, 515 U.S. 323, 328 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Petitioner must bring herself within the clear scope of any statutory exclusion.  See Commissioner v. Schleier, supra at 336-337; United States v. Burke, supra at 233.  Section 61(b) indicates that items specifically excluded from gross income are listed in part III, secs. 101-140, and petitioner claims that she falls within section 104.

Damages (other than punitive damages) received on account of personal physical injuries or physical sickness may generally be excluded from gross income.  Sec. 104(a)(2).  For the damages to be excludable under this provision, however, the underlying cause

of action must (1) be based in tort or tort-type rights,[4] and (2) the proceeds must be damages received on account of personal physical injury or physical sickness.  See <u>Commissioner v. Schleier</u>, <u>supra</u> at 328, 337.[5] Under the statute as amended in 1996,[6] damages for emotional distress resulting from nonphysical injury are not excludable from gross income (except for an amount

---

[4]The IRS has recently changed its position on the requirement of a tort or tort-type right.  See sec. 1.104-1(c), Proposed Income Tax Regs., 74 Fed. Reg. 47153 (Sept. 15, 2009).  This is not an issue we need to consider since we decide this case on the second prong of the test.

[5]The version of the statute construed in <u>Commissioner v. Schleier</u>, 515 U.S. 323 (1995), did not specify that the personal injuries or sickness be "physical"; however, the amendment described <u>infra</u> note 6, effective generally for amounts received after Aug. 20, 1996, added that requirement.

[6]Before it was amended by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1605(a), 110 Stat. 1838, sec. 104(a)(2) excluded from gross income amounts received on account of personal injuries or sickness.  The reference to personal injuries or sickness included "nonphysical injuries to the individual, such as those affecting emotions, reputation, or character".  <u>United States v. Burke</u>, 504 U.S. 229, 235 n.6 (1992); see <u>Robinson v. Commissioner</u>, 102 T.C. 116, 125-126 (1994), affd. in part, revd. in part and remanded on another issue 70 F.3d 34 (5th Cir. 1995).
The SBJPA amended sec. 104(a)(2) to exclude from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".  SBJPA sec. 1605(a).  The SBJPA also amended sec. 104(a) by adding the following flush language: "For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness.  The preceding sentence shall not apply to an amount of damages not in excess of the amount paid for medical care * * * attributable to emotional distress." <u>Id.</u> sec. 1605(b), 110 Stat. 1838.

of damages not in excess of the amount paid for medical care to treat the emotional distress).  H. Conf. Rept. 104-737, at 301 (1996), 1996-3 C.B. 741, 1041.

When damages are received pursuant to a settlement agreement, the nature of the claim that was the basis for settlement, and not the validity of the claim, controls whether such amount is excludable under section 104(a)(2).  United States v. Burke, supra at 237; see also Bagley v. Commissioner, 105 T.C. 396, 406 (1995) ("the critical question is, in lieu of what was the settlement amount paid?"), affd. 121 F.3d 393 (8th Cir. 1997).  If the settlement agreement lacks express language stating what the settlement amount was paid to settle, we look to the intent of the payor, based on all the facts and circumstances of the case, including the complaint that was filed and the details surrounding the litigation.  Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33; Robinson v. Commissioner, 102 T.C. 116, 127 (1994), affd. in part, revd. in part and remanded on another issue 70 F.3d 34 (5th Cir. 1995).

We turn first to the second prong of the test and ask whether the damages were received on account of personal physical injury or physical sickness.  Respondent alleges that the damages petitioner received were not on account of personal physical injury or physical sickness.  The settlement agreement states

that the money was paid "as damages for her emotional distress due to depression and other claims, not as wages or back pay." The agreement settled petitioner's employment discrimination and retaliation claims in the 1997 suit.

Money paid for emotional distress not attributable to physical injury or physical sickness is includable in income, and any amounts paid in such circumstances for physical symptoms of emotional distress are similarly includable in income.  See H. Conf. Rept. 104-737, supra at 301, 1996-3 C.B. at 1041.  The Court is satisfied that the payment was made as damages for emotional distress due to depression and, as a matter of law, such damages, not being attributable to physical injury or sickness, but to a nonphysical injury (namely, her claims of suffering gender-based discrimination and unlawful retaliation with respect to her employment) are not excludable from her gross income under section 104(a)(2), as amended in 1996, except to the extent of any amounts she expended for medical care to treat her emotional distress.

Petitioner claims that since depression is not specifically excluded as a physical injury under section 104, it is within the definition of a physical injury.  This is not the correct standard.  Petitioner must show that she falls within the clear scope of any statutory exclusion.  See Commissioner v. Schleier, supra at 336-337; United States v. Burke, supra at 233.

Petitioner has not shown that she falls within the exclusion under section 104, the regulations, the legislative history, or caselaw. See Murphy v. IRS, 493 F.3d 170 (D.C. Cir. 2007); Moulton v. Commissioner, T.C. Memo. 2009-38; Sanford v. Commissioner, T.C. Memo. 2008-158; Bond v. Commissioner, T.C. Memo. 2005-251.

Petitioner does not argue that the characterization of the payment does not accurately reflect the nature of the claim or the settlement payment; rather, she argues that she was advised that the characterization results in the payment not being includable in income. To the extent petitioner argues that she did not know that the amount paid in settlement would be includable in income, we note that a taxpayer is presumed to know the law and a mistake of law does not excuse liability. See Tide Water Oil Co. v. Commissioner, 29 B.T.A. 1208, 1232 (1934); see also Bussell v. Commissioner, T.C. Memo. 2005-77, affd. 262 Fed. Appx. 770 (9th Cir. 2007).[7]

We hold that the payment is not excludable under section 104(a)(2) from petitioner's gross income for her taxable year 2005, except to the extent of any amount she paid for medical care to treat her emotional distress. Thus, the only remaining

---

[7]Petitioner's knowledge and any advice she received might otherwise be relevant as to the penalty respondent imposed. Respondent, however, has conceded the penalty in his motion for partial summary judgment.

issue is the amount which petitioner expended on medical care for her emotional distress.

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion for partial summary judgment will be issued</u>.