T.C. Summary Opinion 2010-10

UNITED STATES TAX COURT

ALLAN L. BLANK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1928-09S.                    Filed January 26, 2010.

Allan L. Blank, pro se.

<u>Nathan H. Hall</u>, for respondent.

RUWE, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions of section 7463[1] of the Internal Revenue Code and in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  This case is before the Court on respondent's

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

motion for summary judgment. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

## Background

Petitioner resided in California at the time he filed the petition.

On January 26, 2009, a partially illegible but timely petition was filed contesting a notice of determination concerning petitioner's 2004 tax year, a copy of which was attached to his petition. On March 17, 2009, petitioner filed an amended petition contesting the notice of determination, stating: "IRS never supplied documentation as requested. At no time did IRS produce documents as regards income."

After this case had been calendared for trial at the February 1, 2010, San Francisco, California, trial session of this Court, respondent filed a motion for summary judgment captioned "Motion for Partial Summary Judgment" (motion for summary judgment). In the preamble thereof, however, respondent moves "for summary adjudication in respondent's favor, upon all issues presented in this case." A few weeks later, respondent filed a supplement to the motion for summary judgment, clarifying

that respondent is seeking summary adjudication "for the 2004 year dealing with petitioner's Collection Due Process."[2]

In the motion for summary judgment respondent alleges that petitioner's only dispute is with the underlying tax liability, that respondent sent to petitioner's last known address a notice of deficiency for taxable year 2004 and that petitioner filed a petition with the Tax Court, that the Tax Court entered a decision resolving petitioner's underlying liability for the 2004 taxable year, and that respondent's Appeals officer "took into consideration the full administrative record before sustaining the Final Notice--Notice of Intent to Levy."

Attached to the motion for summary judgment was a declaration by respondent's Appeals officer wherein she states that her determination to proceed with collection was "based on a full review of the administrative record before me." Attached to the Appeals officer's declaration were 11 exhibits, the last of which was a Form 4340, Certificate of Assessments, Payments, and

_____

[2] Attached to the amended petition was a notice of deficiency dated Oct. 20, 2008, regarding petitioner's 2005 tax year. Respondent, in his answer to the amended petition, alleges that the petition in this case is timely with respect to both the collection action for tax year 2004 and the deficiency action for tax year 2005. In the light of the impropriety of filing one petition to contest both a notice of determination and a notice of deficiency, the Court, by order dated Jan. 15, 2010, severed the deficiency and collection cases. The deficiency case has been returned to the Court's general docket for further proceedings and assigned docket No. 31250-09S.

Other Specified Matters, for petitioner's 2004 tax year that was current through October 27, 2009.

In respondent's motion for summary judgment, respondent indicates that petitioner objects to the granting of the motion.

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, supra at 529. However, if there exists any reasonable doubt as to the facts at issue, the motion must be denied. Wells v. Commissioner, T.C. Memo. 2010-5 (citing Espinoza v. Commissioner, 78 T.C. 412, 416 (1982)).

Respondent's allegation that petitioner's underlying tax liability for 2004 has been assessed pursuant to a decision of this Court would, if true, normally preclude petitioner from

contesting his underlying tax liability. However, the Form 4340 attached to respondent's motion for summary judgment appears to be inconsistent with respondent's allegation that the assessment was made pursuant to a decision of this Court. The Form 4340 gives no indication that a notice of deficiency was mailed to petitioner or that the assessment was made pursuant to a decision of this Court. Rather, the Form 4340, indicating an assessment date of December 17, 2007, states: "Additional tax assessed by examination agreed audit deficiency prior to 30 or 60 day letter". This statement on the Form 4340 seems to contradict respondent's allegation that respondent mailed to petitioner a statutory notice of deficiency for taxable year 2004 on July 17, 2006, and that the tax was assessed pursuant to a decision of this Court. The apparent inconsistency between respondent's allegation and the Form 4340 raises sufficient doubt about the factual basis for respondent's motion for summary judgment so as to require us to deny the motion.

Form 4340 is normally a readable and understandable history of transactions and events concerning a taxpayer's account for a particular taxable period, see Tufft v. Commissioner, T.C. Memo. 2009-59, and is "'generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made.'" Orum v. Commissioner, 123 T.C. 1, 9 (2004) (quoting Gentry v. United

<u>States</u>, 962 F.2d 555, 557 (6th Cir. 1992)), affd. 412 F.3d 819 (7th Cir. 2005).

In lien and levy cases under sections 6320 and 6330 we have encouraged respondent to include a Form 4340 when making a motion for summary judgment. The Chief Counsel of the Internal Revenue Service has recognized the importance of submitting a Form 4340 to the Court when filing motions for summary judgment and has instructed his attorneys as follows:

> A certified copy of an updated Form 4340 transcript should also be submitted with <u>all</u> summary judgment motions. The Form 4340 transcript has been consistently requested by Tax Court judges in summary judgment cases. Even though this transcript is prepared after the issuance of the notice of determination, submission of the Form 4340 is not a violation of the record rule because it generally contains the same information originally reviewed by the appeals or settlement officer in making the CDP determination. <u>See</u> <u>Bowman v. Commissioner</u>, T.C. Memo. 2007-114. * * * [Chief Counsel Notice CC-2009-010 (Feb. 13, 2009).]

Of course, it is of equal importance that any Form 4340 used to support a motion for summary judgment be verified as correctly describing the events and assessment shown on the Form 4340. Thus, the Chief Counsel has instructed his attorneys: "The Form 4340 should be reviewed thoroughly and any issues raised by entries on the Form 4340, or inconsistencies with other documents, should be explained in the motion." <u>Id.</u> We agree.

On the basis of the record before us, we will deny respondent's motion for summary judgment, as supplemented. This

case remains calendared for trial at the Court's February 1, 2010, San Francisco, California, trial session, where the parties will have an opportunity to clarify and attempt to support their positions.

To reflect the foregoing,

An appropriate order will be issued.